Charles E. Crandall, Jr., Esq. Assistant County Attorney, Herkimer
You have asked whether a county clerk may accept for filing a default judgment where service has been effected by substitute service pursuant to section 308(4) of the Civil Practice Law and Rules and there is no sworn statement regarding the military status of the defendent.
The Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. § 501,et seq.) specifically provides at section 520, as follows:
 "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."
This provision is intended to prevent the entry of a default judgment against a member of the armed services in a case where he or she might not have had an opportunity to appear personally or through counsel to defend against the suit (United States v Kaufman, 453 F.2d 306 [2d Cir, 1971]).
The substitute service to which you refer is provided by CPLR §308(4), and allows service by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing the summons to such person at his last known residence". This manner of service can only be used where personal service or service at the party's actual place of business or dwelling cannot be made "with due diligence" (CPLR § 308[4]).
We have previously opined that 50 U.S.C. § 520 bars a county clerk from entering a default judgment without the requisite filing of an affidavit showing that the defendant is not in military service (1977 Op Atty Gen [Inf] 124). We see no reason to depart from this prior opinion and the clear requirements of the Federal law in cases involving substitute service. Indeed, the interests intended to be protected by 50 U.S.C. § 520 are all the more evident in circumstances where substitute service is permitted.
We note that the plaintiff's knowledge of the military status of a defendant is usually based on the defendant's own statement. The task of discovering the defendant's status is thus more burdensome in the case of a party whose whereabouts are unknown. This, however, does not provide a basis for avoiding the statute's clear requirements. See New York CityHousing Authority v Smithson, 119 Misc.2d 721 (Civil Ct, N Y City, 1983).
We conclude that a county clerk may not accept for filing a default judgment where service has been effected by substitute service pursuant to CPLR § 308(4) of the Civil Practice Law and rules and there is no sworn statement regarding the military status of the defendant.